UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 07-60749-CIV-COOKE/BROWN

ROBERT SHAVE,

    Plaintiff,

v.

STANFORD FINANCIAL GROUP, INC.,

    Defendant.

_____/

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss (DE 5), filed June 29, 2007. The Court having reviewed the Motion finds, for the reasons set forth below, that the Motion should be denied.

**I.     BACKGROUND**

Plaintiff Robert Shave ("Shave") filed the present action on May 30, 2007. In his Complaint, Shave avers that he entered into multiple transactions with Defendant Stanford Financial Group, Inc. ("Stanford") by which he allegedly purchased a variety of numismatic coins for investment purposes. Shave alleges that during the course of the alleged transactions Stanford and its agents knowingly made misrepresentations and/or omissions concerning material facts for the purpose of deceiving and inducing him into purchasing the numismatic coins at inflated prices. Shave further contends that the alleged numismatic coin investments caused him to sustain approximately $400,000.00 in losses. Shave asserts causes of action for negligence, breach of fiduciary duty, and elder abuse in violation of Florida Statutes § 415.1111.

  **II.** **PROCEDURAL HISTORY**

Stanford filed its Motion to Dismiss on June 29, 2007. Shave filed his opposition on July 16, 2007. Then Stanford filed its reply on July 29, 2007. Thus, Stanford's Motion to Dismiss has been fully briefed and is ripe for adjudication.

  **III.** **MOTION TO DISMISS STANDARD**

"[W]hen considering a motion to dismiss, the court must accept all allegations of fact as true and should only dismiss when it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proven in support of his claim." Solis-Ramirez v. U.S. Dept. of Justice, 758 F.2d 1426, 1429 (11th Cir. 1985) (citing Holt Civic Club v. City of Tuscaloosa, 439 U.S. 60, 65-66 (1978)). See Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993). Thus, "the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir.1993) (citations omitted).

  **IV.** **ANALYSIS**

In its Motion, Stanford argues that this action should be dismissed because: (1) Shave named the wrong defendant; and (2) Shave has failed to allege the facts necessary to sustain his claim that he is a vulnerable adult for purposes of Florida Statutes § 415.1111.

Stanford contends that this action should be dismissed because it never engaged in business with Shave. Stanford argues that Shave entered into the alleged transactions with Stanford Gold & Bullion, Inc. ("SGB") not the present Defendant Stanford Financial Group, Inc. Therefore, Stanford argues that it is not the proper Defendant in this action. To support this

argument, Stanford submitted several declarations and invoices. However, as previously discussed, "when considering a motion to dismiss, the court must accept all allegations of fact as true and should only dismiss when it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proven in support of his claim." Solis-Ramirez, 758 F.2d at 1429 (citation omitted). Thus, for purposes of Stanford's Motion to Dismiss the Court must accept as true Shave's allegation that he entered into the alleged transactions with Stanford. Furthermore, it would be improper for the Court to consider Stanford's declarations, at the motion to dismiss phase, as they fall outside of the four corners of the Complaint. See Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005). It would appear, however, that the Court may evaluate Stanford's purported invoices as a document outside of the four corners of the complaint may be considered, on a motion to dismiss, if it is central to the plaintiff's claims and is undisputed in terms of authenticity. Id. See also Horsely v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002).[1]

In his opposition, Shave argues that at the time he entered into the alleged transactions he reasonably believed that he was doing business with Stanford through its affiliate SGB. Moreover, Shave appears to argue that Stanford should be held liable based upon the theory that Stanford served as the parent corporation for SGB and exercised sufficient control over SGB to pierce the corporate veil. But the Complaint appears to be devoid of any such allegations. In fact, the Complaint does not have one reference to SGB or the corporate structure of Stanford. Thus, it would appear that the Stanford's argument may be meritorious. Therefore, Shave is

---

[1] Nevertheless, the Court will not address the propriety of evaluating Stanford's invoices as the Court finds that the filing of an amended complaint would alleviate this quandary.

directed to file an amended complaint, on or before September 28, 2007, in which he formally asserts his allegations concerning Stanford's corporate structure and his grounds for piercing the corporate veil.

Given that the Court has directed Shave to file an amended complaint the Court will not evaluate Stanford's contention that Shave has failed to allege sufficient facts to support his claim that he is a vulnerable adult.  Shave, however, is reminded that under Florida statutory law the term "vulnerable adult" means "a person 18 years of age or older whose ability to perform the normal activities of daily living or to provide for his or her own care or protection is impaired due to a mental, emotional, long-term physical, or developmental disability or dysfunctioning, or brain damage, or the infirmities of aging." Fla. Stat. § 415.102(26).  Thus, any allegations in the amended complaint concerning Shave's status as a "vulnerable adult" should be pled in accordance with Florida Statute § 415.102(26).  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Stanford's Motion to Dismiss is **DENIED**.  However, Shave is directed to file an amended complaint on or before **September 28, 2007**.  If Shave fails to file an amended complaint in accordance with this Order then Stanford may re-assert its grounds for dismissal.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of August, 2007.

_____
MARCIA G. COOKE
United States District Judge

*Copies furnished to:*
*All Counsel of Record*