07-60749.rr

# UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number:  07-60749-CIV-COOKE-BROWN

ROBERT SHAVE,

      Plaintiff,

vs.

STANDFORD FINANCIAL GROUP, INC.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION - ATTORNEYS' FEES AND EXPENSES

**This matter** is before this Court on Defendant's Verified Motion for Attorneys' Fees and Expenses..., filed October 29, 2007.  The Court has considered the motion, the response, the reply, and all pertinent materials in the file.

There are two potential issues herein: (1) entitlement; and (2) if there is entitlement, the reasonable amounts of the fees and expenses incurred.  The issue of entitlement is easily resolved in favor of defendant.

It is a wonder that plaintiff finds it "bizarre" that defendant is relying on diversity of citizenship to argue Florida law as being applicable to the claim for fees when: (1) it is plaintiff who alleged the diversity of citizenship as a basis for jurisdiction in the first place; and (2) plaintiff offers no measure of support for any other jurisdictional basis to determine fees - especially when they are sought under the very state statute cited in the complaint by plaintiff. Perhaps, however, it is bizarre ... so bizarre, in fact, that the Court should consider Rule 11 sanctions against plaintiff for bringing

1

the claim on the basis of diversity in the first place.  If this claim has as little merit as plaintiff now

claims (based on the lack of jurisdiction and/or suing the wrong party), where was the proper pre-suit

investigation that should have revealed same before it was brought in this Court?  In addition, why

did plaintiff contest the motion to dismiss?  Plaintiff might be well advised to realize that fees under

Fla. Stat. § 415.111 are just that - fees...unlike FRCP 11(c)(2)  which also provides for sanctions

"sufficient to deter repetition of such conduct ...."

There is another issue to be resolved regarding entitlement, and that is the question of whether

defendant is a "prevailing party," thus permitting the award of fees.  This Court finds that Florida law

controls this issue, and the cases cited at page 3 of motion are controlling.  The cases cited by plaintiff

are not applicable.  All involved or were decided under Federal, not Florida, law.  Therefore this

Court finds the issue of entitlement to be resolved in favor of defendant.

As to the amount of fees, however, another picture is painted.  Any fees to be awarded must

be reasonable and follow the guidelines the Eleventh Circuit has promulgated.  See, e.g., Norman v.

Housing Authority of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988).  It is the prevailing party's

burden to justify the requested fees.  Duckworth v. Whisenant, 97 F.3d 1393, 1396 (11th Cir. 1996);

see, e.g., Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994).  However, the Eleventh Circuit has

repeatedly held that the court itself can be an expert on the question and may properly consider its own

knowledge and experience in determining reasonable and proper fees.  Loranger, 10 F.3d at 781.[1]

The standards to be applied are set forth in Hensley v. Eckerhart, 461 U.S. 424 (1983).[2]  The

---

[1]As applicable herein - if the Court were to consider the case law from Florida, the end result would not vary.

[2] Although Hensley involved attorney's fees under 42 U.S.C. §1988, the U.S. Supreme Court stated that "[t]he standards set forth in [Hensley] are generally applicable in *all cases* in

Court noted that the "starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id. at 433. This is referred to as the "lodestar" method,[3] which has been adopted by the Eleventh Circuit as the proper method to calculate fee awards in federal statutory fee-shifting cases. See, e.g., Duckworth, 97 F.3d at 1396; Loranger, 10 F.3d at 781.

The Court finds the fees sought to be grossly excessive. Other than filing the motion to dismiss and the reply, excluding the instant motion there is virtually nothing in the docket from defendant, save a motion for extension of time. Fees are sought for work done by no less than seven (7) lawyers and a paralegal. The Court recognizes that it is likely that most of the work done was, in fact done, but it is not reasonable to bill plaintiff for same.

Addressing first, the hourly rates sought, the standard for awarding same is not the amount charged the client and not "my law firm's standard hourly rate." "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299 (citing Blum v. Stenson, 465 U.S. 886, 895-96 n. 11 (1984)). The applicant bears the burden of producing satisfactory evidence that the rate requested is in line with prevailing market rates. Satisfactory evidence is more than the affidavit of the attorney performing the work and must speak to the rates actually billed and paid in similar lawsuits. Id.

---

which Congress has authorized an award of fees to a 'prevailing party.'" 461 U.S. at 433 n.7 (emphasis added).

[3] The U.S. Supreme Court has declared that the lodestar as calculated in Hensley presumptively includes all of the twelve factors derived from the ABA Code of Professional Responsibility DR 2-106 (1980) and adopted in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974); Norman, 836 F.2d at 1298-1299.

Since the standard noted has not been met, and since the Court can itself be an expert, and is familiar with the South Florida billings in recent years for associates and partners, it finds that an hourly rate of $325 for partners Shindler, Greenberg, and Butler, are reasonable. The rate sought for attorneys Goodner and Colvin are somewhat confusing - as a higher rate is sought for an associate than a shareholder - without explanation. To resolve this matter without unnecessary filings, an hourly rate of $225 has been utilized for both these attorneys. There are two associates involved. Nothing has been offered to show if these associates have been practicing for years or started last week. In any event, a fair hourly rate of $200 per hour is being utilized. Finally, the paralegal compensation will be at the rate of $100 per hour.

The number of hours presents a greater problem. Excessive, redundant or otherwise unnecessary hours should be excluded from the amount claimed. Norman, 836 F. 2d at 1301 (citing Hensley, 461 U.S. at 434); see also Gray v. Lockheed Aeronautical Sys. Co., 125 F. 3d 1387, 1389 (11th Cir. 1997). The work of more than five lawyers resulting in over forty (40) hours of billable time took place before the first time entry related to the actual motion to dismiss. Included in that is billable time devoted to the answer to the complaint and billable time devoted to a motion for summary judgment. When reviewing these time records, the only thing missing is billing for preparation of closing argument!

To be sure, this law firm is known to this Court and there is no reason to believe that the time sheets reflect anything but the work actually performed. The problem is this Court finds it would be unreasonable under the facts herein to make plaintiff responsible for all of them...and this is even before consideration of the fact that a substantial amount of the work done will be useable in the state Court case. For this reason, without addressing individual entries such as the one for 8/20/07

4

comparing an unnamed trial court holding "to the present Wohlgemuth claim" (??), the hours allowed will be reduced significantly.

For the reasons stated herein, and the Court being otherwise fully advised in the premises, it is respectfully recommended that the following amounts be awarded:

1. Attorney Shindler - 42.65 hours @ $325 = 13,861.25

2. Attorney Greenberg - .70 hours  @ $325 =    227.50

3. Attorney Butler - 14.40 hours    @ $325 =  4,680.00

4. Attorney Goodner - 1.25 hours   @ $225 =    281.25

5. Attorney Colvin - 15.35 hours    @ $225 =  3,453.75

6. Attorney Pal - .60 hours          @ $200 =    120.00

7. Attorney Biard - 20.10 hours     @ $200 =  4,020.00

8. Paralegal Gonzalez - 3.2 hours    @ $100 =    320.00

for a total of $26, 963.75 in legal fees.

As for costs, the amount sought is $2,000.92. There is no justification for same.  The total verbiage addressed to this item is "[T]he expenses incurred...include categories such as photocopies, telephone charges, Autotrack (research), Lexis (research), and PACER" (page 6 of the motion and page 2 of the accompanying affidavit).  Fla. Stat. §415.111 does allow "costs of the action." However, in Federal Court those costs are not without limitation.

A judge or clerk of any court of the United States may tax as costs the following:

(1)   Fees of the clerk and marshal;

(2)   Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3)   Fees and disbursements for printing and witnesses;

(4)   Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5)   Docket fees under section 1923 of this title;

(6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. §1920.  The party seeking costs bears the burden of submitting a request for expenses that enables the court to determine what expenses were incurred and whether those expenses meet the proof of necessity and reasonableness under 28 U.S.C. 1920.  See Lee v. American Eagle Airlines, Inc., 93 F. Supp. 2d 1322, 1335 (S.D. Fla. 2000); see also Berryman v. Hofbauer, 161 F.R.D. 341, 344 (D. Mich.1995).

For example, Section 1920(4) requires that the copies of papers "be necessarily obtained for use in the case."  28 U.S.C. §1920.  While the prevailing party is entitled to recover costs for making necessary copies of necessary documents, charges for multiple copies of court filed papers and other documents, attorney correspondence and other such items are not necessary, but are for the convenience of counsel, and are not taxable as costs.  Fogelman v. ARAMCO, 920 F.2d 278, 286 (5th Cir. 1991).  There is no showing regarding this requirement.

Several of the items are for computerized research.  That is generally not a permissible cost. See Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir. 1996); Haroco, Inc. v. American National Bank & Trust Company of Chicago, 38 F.3d 1429 (7th Cir. 1994).

Since none of the costs are supported or justified, and the vast majority of same appears to

be either photocopies or computerized research, the only costs this Court recommends allowing are the telephone tolls in the sum of $24.39.

It is therefore respectfully Recommended that defendant be awarded fees and expenses in the total sum of $26,988.14.

The parties have ten (10) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Marcia G. Cooke, United States District Judge for the Southern District of Florida.  Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**DONE AND ORDERED** this _14th_ day of February, 2008, at Miami, Florida.

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

cc:    Honorable Marcia G. Cooke
       Counsel of record