UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 07-60749-CIV-COOKE/BROWN

ROBERT SHAVE,

    *Plaintiff*,

v.

STANFORD FINANCIAL GROUP, INC.,

    *Defendant*.

_____/

## ORDER ADOPTING JUDGE BROWN'S REPORT AND RECOMMENDATION

This matter is before me on Judge Brown's Report and Recommendation [D.E. 36] and Plaintiff Robert Shave's Objection to the report [D.E. 37]. I have conducted a *de novo* review of the record.

I find that Judge Brown's Report and Recommendation should be affirmed and adopted. "Generally, statutes allowing for recovery of attorney's fees are substantive for Erie purposes." *Elberta Crate & Box Co. v. Cox Automation Sys., LLC*, No. 6:05-CV-03, 2005 U.S. Dist. LEXIS 17490, at *14 (M.D. Fla. Aug. 16, 2005). Therefore, I must look to Florida law to determine whether Defendant is the prevailing party under Fla. Stat. § 415.1111 given Plaintiff's voluntary dismissal. Florida courts hold that when a plaintiff files a voluntary dismissal, the defendant becomes the prevailing party for purposes of entitlement to attorneys' fees. In *Thornber v.City of Ft. Walton Beach*, 568 So. 2d 914, 919 (Fla. 1990), the Florida Supreme Court noted that, "[i]n general, when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party." The *Thornber* Court cites to *Stuart Plaza, Ltd. v. Atlantic Coast Development Corp. of Martin County*, 493 So. 2d 1136, 1137 (Fla. 4th DCA 1986), which also notes that "when a plaintiff takes a voluntary dismissal

the defendant is the prevailing party." *Stuart Plaza* cites to three other cases, which all make the same comment. None cite to Florida Rule of Civil Procedure 1.420 as a basis for their decision. Therefore, I do not have any basis to find that this substantive law regarding entitlement to attorneys' fees should be different if the dismissal is effected under Federal Rule of Civil Procedure 41. Furthermore, Plaintiff's argument that Defendant is not a prevailing party because there was never an adjudication on the merits is plainly rejected by *Thornber*'s conclusion that "[a] determination on the merits is not a prerequisite to an award of attorney's fees where the statute provides that they will inure to the prevailing party." *Thornber*, 568 So. 2d at 919. As a result, I find that Judge Brown was correct in concluding that Defendant was entitled to attorneys' fees as the prevailing party under Fla. Stat. § 415.1111.

With respect to Plaintiff's objections regarding the amount of attorneys' fees awarded, I will first note that Plaintiff did not challenge the amount of attorneys' fees sought in his opposition to the motion. Courts have refused to consider arguments raised for the first time in objections. *See, e.g., William v. McDonough*, 2008 U.S. Dis. LEXIS 17534, at *3 (S.D. Fla. ) (noting that the Ninth, First, and Tenth Circuit have concluded that district courts have the discretion to refuse to consider arguments raised for the first time in objections). I have, however, reviewed the record and Judge Brown's report. I find that, Judge Brown's report, which was very detailed and well-supported by case law, should be affirmed on the amount of fees and costs awarded.

Accordingly, Judge Brown's Report and Recommendation [D.E. 36] is affirmed and adopted. Defendant is awarded fees and costs in the amount of $26,988.14.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 6th day of August 2008.

_____
MARCIA G. COOKE
United States District Judge

cc:

The Honorable Stephen T. Brown

All counsel of record